(Pleito No. 7.—Fallado el 4 de Diciembre de 1899.)

### Ex–Parte Colón.

Recurso contra sentencia dictada por el Tribunal de Distrito de Ponce.

1.—Junta de acreedores. Cuando en una Junta de acreedores debidamente citados, y celebrada con arreglo á derecho, los acreedores omiten hacer uso de la palabra estando la Junta ya constituída y se limitan á firmar la proposición de convenio y acta consiguiente, los procedimientos son válidos, según lo establecido por la ley, toda vez que el hecho de firmar dicho convenio y acta equivale á ratificar ó aprobar lo que se llevó á cabo en la Junta.

2.—En qué caso aprobará el tribunal. Cuando los procedimientos empleados en una suspensión de pagos son procedentes, el Juez ante quien se presenten, no podrá, de oficio, negarse á la solicitud.

#### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico á cuatro de Diciembre de mil ochocientos noventa y nueve, en el pleito seguido en el extinguido Juzgado de 1ª Instancia de Guayama por Don Clodomiro Colón y Ramos, del comercio de Cayey, sobre suspensión de pagos, pendiente ante este Tribunal Supremo en virtud de recurso de casación por infrac-

ción de Ley por Colón interpuesto, y en su defensa y representación el Letrado Don Antonio Sarmiento.—Resultando: Que el comerciante de Cayey Don Clodomiro Colón y Ramos, presentó en el Juzgado un escrito acompañado del balance de su activo y pasivo, ascendente éste á doce mil seiscientos veinte y siete pesos ochenta y nueve centavos y aquél á veinte y tres mil trescientos setenta y cuatro pesos cincuenta y seis centavos, y además la Memoria de las causas que motivaron su presentación en suspensión de pagos y la proposición de la espera que pretendía de sus acreedores, solicitando se le declarara en estado de suspensión de pagos, se convocaran personalmente y en forma á sus acreedores relacionados fijando el Juzgado sitio, día y hora para la celebración de la Junta para acordar sobre la espera, citándolos con el tiempo necesario, tomando en consideración la circunstancia de residir todos en esta Isla, librándose los exhortos para los que no residían en la cabecera del Juzgado que del asunto conocía.—Resultando: Que declarado en suspensión de pagos dicho comerciante y señalada el siete de Junio del corriente año la celebración de la Junta, fueron personalmente citados todos los acreedores relacionados, á excepción de Don Federico Gatell de Mayagüez, que no lo fué en forma alguna.—Resultando: Que el día, hora y sitio señalados para la celebración de la Junta, comparecieron el deudor y su defensor, y al mismo tiempo los acreedores Don José Juan Vidal con un pagaré á su favor endosado por Don M. Muñoz Gallart, por cuarenta y cinco pesos cuarenta y tres centavos, otro por M. Muñoz y Cª, por ciento veinte y seis pesos sesenta y dos centavos, y otro por Don Valeriano Colón por mil seiscientos quince pesos veinte y dos centavos; Don Félix Almiroty con el endosado por los Sres. Tomás Cano y Cª por cuarenta y dos pesos sesenta y dos centavos, y el por Carbia y Cª por seiscientos treinta y siete pesos noventa y seis centavos; Don Tomás Vazquez Rivera con los endosados por Doña María Cristina Rivera que ascienden á mil ciento veinte y dos pesos ochenta y ocho

centavos, y por Don Miguel Planellas que monta á mil treinta y tres pesos ochenta y nueve centavos; Don Antonio García con documento endosado por Amorós hermanos, valor doscientos noventa y ocho pesos setenta y ocho centavos; Don Domingo Montalvo con el que le endosara Moreno y C.ª por ciento cuarenta y tres pesos; Don José Esteva con los endosados por Doña Reparada Nogueras, valor sesenta y seis pesos cincuenta y tres centavos, y por Don Francisco Manuel Colón que suma novecientos doce pesos; Don Eleuterio Romaguera, documento por novecientos ochenta y ocho pesos que le endosó Don Antonio Ramírez, y otro endosado por Don Manuel Soto, valor catorce pesos veinte y nueve centavos; y Don Faustino Irrua el que le endosaron Don Aurelio y Doña Josefa Rodríguez, su montante ochocientos pesos, representando los ocho acreedores concurrentes catorce créditos ascendentes á siete mil ochocientos cuarenta y seis pesos noventa y nueve centavos, por lo que el Juez en vista de que los créditos relacionados cubren las tres quintas partes del pasivo, declaró constituída la Junta.—Resultando: Que del acta extendida y firmada por todos los concurrentes en siete de Junio próximo aparece, no sólo lo expuesto en el resultando anterior, si que se dió lectura á los artículos de la Ley concernientes al acto, de la proposición de convenio del deudor, relación y estado presentado sin que abierta discusión ninguno de los acreedores hizo uso de la palabra, manifestando unánimemente su conformidad con la proposición de convenio que según en el acta se consigna, ofrece el deudor satisfacer íntegros los créditos si le conceden un año de respiro para pagar por mitad sin intereses, en cada uno de los siguientes, dándose por terminado el acto.—Resultando: Que el veinte y uno de Junio último, dió cuenta el Escribano con los autos de suspensión, dictándose en dicho día auto declarando desechada la proposición de convenio, dando por terminado el expediente de suspensión de pagos, y quedando en libertad los interesados para hacer uso de los derechos que puedan

corresponderles, con las costas al actor.—Resultando: Que notificado de ese auto Don Clodomiro Colón el cinco de Agosto, interpuso en siete recurso de apelación y remitidos el escrito y autos al Tribunal de Distrito de Ponce aparecen recibidos en veinte y cinco de Septiembre, admitiéndose la apelación en diez de Octubre, citándose y emplazándose al recurrente en veinte de dicho mes para que compareciere ante este Tribunal dentro .del término legal.—Resultando: Que personado ante este Tribunal el Letrado Don Antonio Sarmiento, á virtud de lo dispuesto en la Circular número 10 que ordena conozca este Tribunal en casación de las apelaciones pendientes que excedan de cuatrocientos dollars; y entregados los autos formalizó contra el auto recurrido recurso de casación por infracción de Ley, autorizado por los números 1? y 6? del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando para ello como infringidos:—1? El artículo 1,218 del Código Civil que determina la prueba que en juicio hacen los documentos públicos, porque consignando el acta que se abrió discusión y que los acreedores manifestaron unánimemente su conformidad con la proposición de convenio, al expresar el auto recurrido no hubo discusión ni votación, ni que los acreedores manifestaran su conformidad al convenio, lo infringe.—2? El artículo 901 del Código de Comercio por determinar que discutida la proposición de convenio y puesta á votación forma resolución el voto de los acreedores que forman la mayoría de número y cantidad, precepto que no se ha respetado.— 3? El artículo 902 del Código de Comercio, que sólo concede derecho á los acreedores disidentes y á los no concurrentes á la Junta para formular oposición á la aprobación del convenio, confirmándolo el 1,149 de la Ley de Enjuiciamiento Civil que obliga al Juez llamar los autos á la vista y dictar auto mandando llevarlo á efecto, si no se ha hecho oposición.—4? El artículo 873 del Código de Comercio y el artículo 1,141 de la Ley de Enjuiciamiento Civil que establecen quede terminado el expediente de suspensión de

pagos, sólo cuando el acuerdo de la Junta fuere denegatorio del convenio.—5? El artículo 1,090 del Código Civil que establece que las obligaciones derivadas de la Ley no se presumen y son sólo exigibles las en el Código Civil y Leyes especiales determinadas.—Resultando: Que tramitado el recurso y señalada la vista el representante del recurrente sostuvo sus pretensiones.—Visto: siendo ponente el Juez Asociado Don Juan Morera Martínez.—Considerando: Que declarada por el Juez, bien constituída la Junta, en vista de que los créditos relacionados en ella formaban las tres quintas partes del total pasivo, no le era dable desechar la proposición de convenio, dar por terminado el expediente y que todos los interesados quedaran en libertad para hacer uso de sus respectivos derechos, sin infringir el artículo 873 del Código de Comercio que determina cabe esa declaratoria si los acreedores desechan la proposición de convenio ó si no se reuniese número bastante de votantes para su aprobación. —Considerando: Que al dar por terminado el acto, celebrada la Junta, según el acta expresa, el Juez pudo y ha debido consignar en ella la declaratoria que el citado artículo contiene, si realmente se estuviera en uno de los dos casos que él expresa, y de no aprobar el convenio pasados los ocho días que el artículo 902 de dicho Código concede á los acreedores disidentes y los que á la Junta no hubieren concurrido para oponerse á la aprobación del mismo, si no la formalizaron, como así resulta.—Considerando: Que el único motivo legal para de oficio, negarse el Juez á tramitar la solicitud de suspensión de pagos y por tanto impartir su aprobación, es el precepto terminante del artículo 872 reformado del repetido Código, al consignar que la proposición de espera no podrá exceder de tres años y si bajo cualquier forma se pretendiese quita ó rebaja de los créditos se negará el Juez á tramitar la solicitud de suspensión de pagos, prescripción que envuelve la no aprobación del convenio por ordenar la Ley en atención á que las convenciones ilícitas no producen obligación, ni acción, y las

prohibidas por la Ley la anulan, según el artículo 53 del Código de Comercio y 1,116 del Código Civil.—Considerando: Que consignándose en el acta que abierta discusión ninguno de los acreedores hizo uso de la palabra, manifestando unánimemente su conformidad con la proposición de convenio y firmando después la repetida acta, no puede negarse la aprobación reunidas las dos mayorías que el artículo 901 del Código de Comercio ordena, dado el valor legal del acta, según el artículo 1,218 del Código Civil, en consonancia con el 1,090 y 1,216 de ese cuerpo legal, por ser evidente la unanimidad ratificada al firmar el acta de convenio.—Considerando: Que el Tribunal sentenciador no ha procedido con el exceso de jurisdicción á que se refiere el número 6º del artículo 1,690 de la Ley de Enjuiciamiento Civil, por que la cuestión ventilada y decidida era de la competencia de dicho Tribunal por no corresponder por Ley el conocimiento de las suspensiones de pagos ni á la administración activa ó contenciosa ni á jurisdicciones privilegiadas, único caso en que dicho número sería aplicable, pues en los demás por cuestión de cuantía el correspondiente sería el número 6º del 1,691.—Considerando: Que la infracción de Ley ó de doctrina legal á que se refiere el número 1º del artículo 1,691 consiste en la transgresión, quebrantamiento ó inobservancia de sus preceptos y en ese caso se encuentra el auto recurrido por las infracciones mencionadas en los anteriores considerandos que hacen procedente el recurso por dicho número y artículo é improcedente por el 6º.—Fallamos: Que debemos declarar y declaramos con lugar el recurso fundado en el número 1º del artículo 1,690, y sin lugar el fundado en el número 6º y en su virtud casamos y anulamos el auto dictado por el Juzgado de Guayama en veinte y uno de Junio último, sin especial condenación de costas; y comuníquese esta resolución con la que á continuación se dicte, al Tribunal sentenciador á los efectos consiguientes.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado Don Juan Morera Martínez, ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á cuatro de Diciembre de mil ochocientos noventa y nueve.—E. de J. López Gaztambide.